UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA CYR, an individual,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY, an Illinois Corporation; SUSAN STICKLER, an individual,<br>　　　Defendants. | No. 2:23-cv-06286-DSF-RAO<br><br>ORDER TO SHOW CAUSE RE CONSOLIDATION WITH CASE NO. 2:23-CV-06257-DSF-RAO, <u>CYR V. RELIANCE STANDARD</u> |

　　　Plaintiff Laura Cyr filed a lawsuit against Defendants Reliance Standard and Susan Stickler in the Superior Court of California alleging intentional infliction of emotional distress and negligence.  Notice of Removal Ex. 1, <u>Cyr v. Reliance Standard</u>, No. 2:23-cv-06257 (C.D. Cal. Aug. 2, 2023), Dkt. 1 (tort case).  Defendants removed the tort case on August 2, 2023.  <u>Id.</u> at 1.  On the same day, Cyr filed this ERISA action against the same Defendants in the Central District, <u>see</u> Dkt. 1, noting that the tort case was a related case, <u>see</u> Dkt. 6.  Defendants moved to dismiss the tort case, arguing ERISA preemption.  Motion to Dismiss, <u>Cyr v. Reliance Standard</u>, No. 2:23-cv-06257 (C.D. Cal. Aug. 21, 2023), Dkt. 12.  On September 22, 2023, this Court ordered the transfer of the present case as related to the tort case.

　　　"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

unnecessary cost or delay." Fed. R. Civ. P. 42(a); see also In re Oreck Corp. Halo Vacuum & Air Purified Mktg. & Sales Pracs. Litig., 282 F.R.D. 486, 490 (C.D. Cal. 2012) ("To determine whether to consolidate, a court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation.") (simplified). The Court has broad discretion in deciding whether and to what extent to consolidate a case. See Hall v. Hall, 138 S. Ct. 1118, 1131 (2018). A district court may consolidate related actions on its own, without a motion from a party. In re New York Cmty. Bancorp, Inc., Securities Litig., 488 F. Supp. 2d 466, 475-76 (E.D.N.Y. 2006) (citing Devlin v. Transp. Commc'ns. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999).

The Court orders the parties to show cause in writing why this matter should not be consolidated with No. 2:23-cv-06257-DSF-RAO, Cyr v. Reliance Standard. Plaintiff is ordered to file her response to this Order by noon on Friday, September 29, 2023. If Defendants have entered an appearance by September 26, they should also file a response.

A hearing on this matter will be held on October 2, 2023 at 1:30 p.m. Failure to respond in writing or failure to appear for the hearing may result in consolidation of the two matters.

IT IS SO ORDERED.

Date: September 25, 2023

_____
Dale S. Fischer
United States District Judge

2